THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| FIBER SYSTEMS INTERNATIONAL, INC., | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 4:04CV355 |
| DANIEL ROEHRS, MICHAEL FLOWER, THOMAS HAZELTON, RICK HOBBS, KIERAN MCGRATH, APPLIED OPTICAL SYSTEMS, INC., OPTECONN, G.P., INC., and OPTECONN, L.P. D/B/A OPTICAL CABLING SYSTEMS, | § § § § § § § § § | JUDGE SCHNEIDER |
| Defendants. | § § | |

---

## PLAINTIFF'S PROPOSED JURY INSTRUCTIONS AND VERDICT FORM

---

Plaintiff Fiber Systems International, Inc. ("FSI") tenders the following proposed jury

instructions and verdict form to be used at trial of this action.

Respectfully submitted,

_____

Brian A. Colao
  Attorney-in-Charge
  State Bar No. 00793528
  bcolao@lockeliddell.com
Hugh E. Hackney
  Of Counsel
  State Bar No. 08670000
  hhackney@lockeliddell.com

LOCKE LIDDELL & SAPP LLP
2200 Ross Avenue, Suite 2200
Dallas, Texas 75201-6776
Telephone: (214) 740-8000
Telecopier: (214) 740-8800

**ATTORNEYS FOR PLAINTIFF
FIBER SYSTEMS INTERNATIONAL,
INC.**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document was served via ***hand delivery*** on the 11th day of January, 2005 to the following counsel of record:

Craig A. Haynes
Thompson & Knight LLP
1700 Pacific Avenue, Suite 3300
Dallas, Texas  75201

Brian A. Colao

## FSI'S PROPOSED INSTRUCTION NO. 1

### General Instructions for Charge[1]

MEMBERS OF THE JURY:

You have heard the evidence in this case.  I will now instruct you on the law that you must apply.  It is your duty to follow the law as I give it to you.  On the other hand, you the jury are the judges of the facts.  Do not consider any statement that I have made in the course of trial or make in these instructions as an indication that I have an opinion about the facts of this case.  You are not to be concerned about the wisdom of any rule of law stated by me.  Nothing I say in these instructions indicates that I have any opinion about the facts.  You, not I, have the duty to determine the facts.  You must follow and apply the law.  All parties expect that you will carefully and impartially consider all the evidence, follow the law as it is now being given to you, and reach a just verdict, regardless of the consequences.

It is your sworn duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so.  Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury.  While you are discussing the case, do not hesitate to re-examine your own opinion and change your mind if you become convinced that you are wrong.  However, do not give up your honest beliefs solely because the others think differently, or merely to finish the case.  Remember that in a very real way you are the judges-judges of the facts.  Your only interest is to seek the truth from the evidence in the case.

---

[1]     Fifth Circuit Civil Pattern Jury Instructions, Instructions 2.1, 2.12, 2.13, 2.15, 2.22, 2.23, 3.1 (2004); 3 Fed. Jury Prac. & Instr. § 103.01 (5th ed.) (2002).

You have heard the closing arguments of the attorneys.  Statements and arguments of the attorneys are not evidence and are not instructions on the law.  They are intended only to assist the jury in understanding the evidence and the parties' contentions.  If there is any difference between the law stated by the lawyers and as stated in these instructions, you are governed by my instructions.

You must perform your duties as jurors without bias or prejudice as to any party.  The law does not permit you to be controlled by sympathy, prejudice, or public opinion.  The fact that a corporation is involved as a party must not affect your decision in any way.  A corporation and all other persons stand equal before the law and must be dealt with as equals in a court of justice.  When a corporation is involved, of course, it may act only through people as its employees; and, in general, a corporation is responsible under the law for any of the acts and statements of its employees that are made within the scope of their duties as employees of the company.

Answer each question from the facts as you find them.  Do not decide who you think should win and then answer the questions accordingly.  Your answers and your verdict must be unanimous.

You must answer all questions from a preponderance of the evidence.  By this is meant the greater weight and degree of credible evidence before you.  In other words, a preponderance of the evidence just means the amount of evidence that persuades you that a claim is more likely so than not so.  In determining whether any fact has been proved by a preponderance of the evidence in the case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

In determining the weight to give to the testimony of a witness, you should ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact, or whether there was evidence that at some other time the witness said or did something, or failed to say or do something, that was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people may forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether that misstatement was an intentional falsehood or simply an innocent lapse of memory; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

While you should consider only the evidence in this case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts that have been established by the testimony and evidence in the case.

The testimony of a single witness may be sufficient to prove any fact, even if a greater number of witnesses may have testified to the contrary, if after considering all the other evidence you believe that single witness.

There are two types of evidence that you may consider in properly finding the truth as to the facts in the case. One is direct evidence—such as testimony of an eyewitness. The other is indirect or circumstantial evidence—the proof of a chain of circumstances that indicates the existence or nonexistence of certain other facts. As a general rule, the law makes no distinction

between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

You will recall that during the course of this trial I instructed you that I admitted certain testimony and certain exhibits for a limited purpose and I instructed you that you may consider some testimony and documents against one party but not against another. You may consider such evidence only for the specific limited purposes for which it was admitted.

When knowledge of technical subject matter may be helpful to the jury, a person who has special training or experience in that technical field—he is called an expert witness—is permitted to state his opinion on those technical matters. However, you are not required to accept that opinion. As with any other witness, it is up to you to decide whether to rely upon it.

In deciding whether to accept or rely upon the opinion of an expert witness, you may consider any bias of the witness, including any bias you may infer from evidence that the expert witness has been or will be paid for reviewing the case and testifying, or from evidence that he testifies regularly as an expert witness and his income from such testimony represents a significant portion of his income.

Any notes that you have taken during this trial are only aids to memory. If your memory should differ from your notes, then you should rely on your memory and not on the notes. The notes are not evidence. A juror who has not taken notes should rely on his or her independent recollection of the evidence and should not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollection or impression of each juror about the testimony.

When you retire to the jury room to deliberate on your verdict, you may take this charge with you as well as exhibits which the Court has admitted into evidence. Select your Foreperson

and conduct your deliberations.   If you recess during your deliberations, follow all of the instructions that the Court has given you about/on your conduct during the trial.  After you have reached your unanimous verdict, your Foreperson is to fill in on the form your answers to the questions.   Do not reveal your answers until such time as you are discharged, unless otherwise directed by me.  You must never disclose to anyone, not even to me, your numerical division on any question.

If you want to communicate with me at any time, please give a written message or question to the bailiff who will bring it to me.  I will then respond as promptly as possible either in writing or by having you brought into the courtroom so that I can address you orally.  I will always first disclose to the attorneys your question and my response before I answer your question.

After you have reached a verdict, you are not required to talk with anyone about the case unless the Court orders otherwise.

## FSI'S PROPOSED INSTRUCTION NO. 2

### Multiple Claims

This lawsuit involves several different claims between the parties.  In many respects, this one trial is like several different trials being conducted at the same time.  You will have to reach a decision on each of the claims of the parties.

### FSI's CLAIMS.

FSI makes the following claims against Defendants:

1.      That Defendants violated one or more provisions of the Computer Fraud and Abuse Act; and

2.      As a result of Defendants' violations of one or more provisions of the Computer Fraud and Abuse Act, that Defendants improperly obtained information that belonged to FSI.

### DEFENDANTS' CLAIM.

Defendants claim that FSI made defamatory statements against them.

I have organized the following instructions to make clear that some of the instructions relate only to certain of these separate claims.  It is important that you not mix together any rules of law that apply to different claims.[2]

---

[2]      Robert E. Kehoe, Jr., Jury Instruction for Contract Cases, Vol. I, § 1.03 (1995).

## FSI'S PROPOSED INSTRUCTION NO. 3

### FSI's Claims Against Defendants for Violations
### of the Computer Fraud and Abuse Act

The first claim you will consider in your deliberations is FSI's claim that Defendants violated one or more provisions of the Computer Fraud and Abuse Act.  In connection with this claim, FSI argues that it is entitled to recover a monetary amount from Defendants to reimburse FSI for the loss caused by Defendants' violations of one or more provisions of the Computer Fraud and Abuse Act.  FSI argues that Defendants violated two provisions of the Computer Fraud and Abuse Act.  These alleged violations of the Computer Fraud and Abuse Act are independent, and you need not find Defendants violated both sections of the Computer Fraud and Abuse Act to find for FSI.  Thus, if you find that Defendants breached either one, or both, of these provisions of the Computer Fraud and Abuse Act, then Defendants have violated the Computer Fraud and Abuse Act and you must find for FSI on this claim.

## FSI'S PROPOSED INSTRUCTION NO. 4

### FSI's First Claim Against Defendants for Violations of the Computer Fraud and Abuse Act

In order to sustain its burden of proof regarding the first provision of the Computer Fraud and Abuse Act that FSI contends Defendants violated, FSI must prove the following elements by a preponderance of the evidence:

First, the Defendants knowingly accessed without authorization, or exceeded their authorized access of, a computer that was used in interstate or foreign commerce or communication;

Second, the Defendants did so with the intent to defraud;

Third, by accessing the computer without authorization, or by exceeding their authorized access, Defendants furthered the intended fraud; and

Fourth, by accessing the computer without authorization, or by exceeding their authorized access, the Defendants obtained anything of value.[3]

If FSI establishes the following elements, then Defendants have violated the Computer Fraud and Abuse Act and you must find for FSI on this claim.

---

[3]      Ninth Circuit Manual of Model Criminal Jury Instructions, Instruction No. 8.81 (2003); 18 U.S.C.A. §§ 1030(a)(4), (e)(2)(B) (modified).

## FSI'S PROPOSED INSTRUCTION NO. 5

### FSI's Second Claim Against Defendants for Violations of the Computer Fraud and Abuse Act

In order to sustain its burden of proof regarding the second provision of the Computer Fraud and Abuse Act that FSI contends Defendants violated, FSI must prove the following elements by a preponderance of the evidence:

First, the Defendants intentionally accessed without authorization a computer that was used in interstate or foreign commerce or communication;

Second, the Defendants, by accessing the computer without authorization, caused damage; and

Third, the Defendants, by accessing the computer without authorization, caused loss to one or more persons during any one-year period aggregating at least $5,000 in value.[4]

If FSI establishes the following elements, the Defendants have violated the Computer Fraud and Abuse Act and you must find for FSI on this claim.

---

[4]  18 U.S.C.A. § 1030(a)(5)(B)(i).

## FSI'S PROPOSED INSTRUCTION NO. 6

### Definitions Regarding FSI's Claims Against Defendants
### for Violations of the Computer Fraud and Abuse Act

In determining whether the Defendants have violated one or more provisions of the Computer Fraud and Abuse Act, you are instructed to apply the following definitions.

"Knowingly" means that the act was done voluntarily and intentionally, and not because of mistake or accident.  You may find that a defendant had knowledge of a fact if you find that the defendant deliberately closed his eyes to what would otherwise have been obvious to him. While knowledge on the part of the defendant cannot be established merely by demonstrating that the defendant was negligent, careless, or foolish, knowledge can be inferred if the defendant deliberately blinded himself to the existence of the fact.[5]

"Intentionally" means that the act was done purposefully, and not because of accident or mistake.  You may find that the defendant acted intentionally either if he desired to cause the consequences of his act or the consequences of his act were substantially certain to result.[6]

"Computer" means an electronic, magnetic, optical, electrochemical, or other high speed data processing device performing logical, arithmetic, or storage functions, and includes any data storage facility or communications facility directly related to or operating in conjunction with such device, but such term does not include an automated typewriter or typesetter, a portable hand held calculator, or other similar device.[7]

---

[5]    Fifth Circuit Criminal Pattern Jury Instructions, Instruction No. 1.37 (2001).
[6]    Blacks Law Dictionary 810 (6th ed. 1990).
[7]    18 U.S.C.A. § 1030(e)(1).

**PLAINTIFF'S PROPOSED JURY**
**INSTRUCTIONS AND VERDICT FORM**                    12

"Exceeds authorized access" means to access a computer with authorization and to use such access to obtain or alter information in the computer that the accesser is not entitled to obtain or alter.[8]

"Accessed without authorization" means to either access a computer without the permission of the owner, or to access a computer with the permission of the owner but to use such access in an unauthorized way. For example, the authorization of an employee to access his employer's computer system terminates as a matter of law and such employee is deemed to be without authorization if the employee acquires adverse interests to that of his employer or is otherwise guilty of a serious breach of loyalty to his employer.[9]

"Interstate commerce" means commerce or travel between one state, territory or possession of the United States and another state, territory or possession of the United States, including the District of Columbia.[10]

"Foreign commerce" means commerce or travel between any part of the United States, including its territorial waters, and any other country, including its territorial waters.[11]

"Intent to defraud" is an intent to deceive or cheat.[12] A defendant's belief that the victims of the fraud will be paid in the future or will sustain no economic loss is no defense.[13]

"Damage" means any impairment to the integrity or availability of data, a program, a system, or information.[14]

---

[8]      18 U.S.C.A. § 1030(e)(6).
[9]      *Shurgard Storage Ctrs., Inc. v. Safeguard Self Storage, Inc.*, 119 F.Supp.2d 1121, 1125 (W.D. Wash. 2000); *see* RESTATEMENT (SECOND) OF AGENCY § 112 (1958); *United States v. Morris*, 928 F.2d 504, 510 (2d Cir.1991).
[10]     Fifth Circuit Criminal Pattern Jury Instructions, Instruction No. 1.39 (2001).
[11]     Fifth Circuit Criminal Pattern Jury Instructions, Instruction No. 1.40 (2001).
[12]     Ninth Circuit Manual of Model Criminal Jury Instructions, Instruction No. 3.17 (2003).
[13]     *See United States v. Molinaro*, 11 F.3d 853, 863 (9th Cir. 1993), cert denied, 513 U.S. 1059 (1994).
[14]     18 U.S.C.A. § 1030(e)(8).

"Loss" means any reasonably cost to any victim, including the cost of responding to an offense, conducting a damage assessment, and restoring the data, program, system, or information to its condition prior to the offense, and any revenue lost, cost incurred, or other consequential damages incurred because of interruption of service.[15]

---

[15]     18 U.S.C.A. § 1030(e)(9).

## FSI'S PROPOSED INSTRUCTION NO. 7

## FSI's Claim that Defendants Improperly Obtained FSI's Information and Should be Enjoined From Using That Information

FSI's second claim against Defendants is that, as a result of Defendants' violations of one or more provisions of the Computer Fraud and Abuse Act, Defendants improperly obtained information that belonged to FSI. In order to sustain its burden of proof regarding this claim, FSI must prove the following elements by a preponderance of the evidence.

First, that Defendants violated one or more provisions of the Computer Fraud and Abuse Act; and

Second, that, as a result of Defendants' violations of one or more provisions of the Computer Fraud and Abuse Act, Defendants obtained any information that belonged to FSI.

## FSI'S PROPOSED INSTRUCTION NO. 8

### Definition of "Information" for Injunction Purposes

In determining whether the Defendants have improperly obtained information that belonged to FSI, you are instructed to apply the following definition.

"Information" means any data maintained by FSI on its computer system.

## FSI'S PROPOSED INSTRUCTION NO. 9

### Preliminary Damages Instruction on FSI's Claims

If FSI has proven its claim against the Defendants by a preponderance of the evidence, you must determine the damages to which FSI is entitled.  You should not interpret the fact that I have given instructions about FSI's damages as an indication in any way that I believe that FSI should, or should not, win this case.  It is your task first to decide whether the Defendants are liable.  I am instructing you on damages only so that you will have guidance in the event you decide that the Defendants are liable and that FSI is entitled to recover money from the defendant.[16]

---

[16]     Fifth Circuit Pattern Jury Instructions, Civil § 15.1 (2004).

## FSI'S PROPOSED INSTRUCTION NO. 10

### Calaculation of FSI's Damages

If you find that the Defendants are liable to FSI, then you must determine an amount that is fair compensation for all of FSI's damages. These damages are called compensatory damages. The purpose of compensatory damages is to make FSI whole—that is, to compensate FSI for the damage that FSI has suffered.

You may award compensatory damages only for injuries that FSI proves were proximately caused by the Defendants' allegedly wrongful conduct. The damages that you award must be fair compensation for all of FSI's damages, no more and no less. Compensatory damages are not allowed as a punishment and cannot be imposed or increased to penalize the defendant. You should not award compensatory damages for speculative injuries, but only for those injuries which FSI has actually suffered or that FSI is reasonably likely to suffer in the future.

If you decide to award compensatory damages, you should be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. On the other hand, the law does not require that FSI prove the amount of its losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.

You must use sound discretion in fixing an award of damages, drawing reasonable inferences where you find them appropriate from the facts and circumstances in evidence.

As to FSI's claims, you should consider the following element of damage, to the extent you find it proved by a preponderance of the evidence.[17] Specifically, the Computer Fraud and Abuse Act permits a party to recover its "Loss" from the party that proximately caused such loss by violating one or more provisions of the Computer Fraud and Abuse Act. "Loss" means any reasonably cost to any victim, including the cost of responding to an offense, conducting a damage assessment, and restoring the data, program, system, or information to its condition prior to the offense, and any revenue lost, cost incurred, or other consequential damages incurred because of interruption of service.[18]

---

[17]    Fifth Circuit Pattern Jury Instructions, Civil § 15.2 (2004).
[18]    18 U.S.C.A. § 1030(e)(9).

**PLAINTIFF'S PROPOSED JURY
INSTRUCTIONS AND VERDICT FORM**          19

## FSI'S PROPOSED INSTRUCTION NO. 11

### Defendants' Claim Against FSI for Defamation[19]

The next claim for your consideration is Defendants' claim against FSI for defamation.

Defamation is the act of injuring a person's reputation by making a false statement. It can either

be a false statement published in writing or some other graphic form, which is known as

"libel,"[20] or it can be a false statement published orally, which is known as "slander."[21]

In order to sustain their burden of proof regarding their claim for defamation against FSI,

Defendants must prove the following elements by a preponderance of the evidence:

First, that FSI published a statement of fact about Defendants to a third party;

Second, that these statements about Defendants were false;

Third, that these statements about Defendants were defamatory; and

Fourth, that these false and defamatory statements caused damage to Defendants.

---

[19]    O'Connor's Texas Causes of Action, pp. 335-36 (2004) (noting that there is no Texas pattern jury charge for defamation).
[20]    *See* TEX. CIV. PRAC. & REM. CODE § 73.001.
[21]    *See Randall's Food Mkts. v. Johnson*, 891 S.W.2d 640, 646 (Tex. 1995).

## FSI'S PROPOSED INSTRUCTION NO. 12

### Defamatory Statement

The publication of a false statement is not actionable unless it is defamatory.   A defamatory statement is one tending to provoke the person to wrath or to expose the person to public hatred, contempt or ridicule, or to deprive the person of the benefits of public confidence and social dealings.[22]   A statement may be false, abusive, and unpleasant without being defamatory.[23]

---

[22]    O'Malley, Grenig & Lee, Federal Judy Practice and Instructions, Fifth Ed., § 124.10 (2000); TEX. CIV. PRAC. & REM. CODE § 73.001 (modified).

[23]    *Free v. American Home Assur. Co.*, 902 S.W.2d 51, 54 (Tex. App. – Houston [1st Dist.] 1995, no pet.); *Schauer v. Memorial Care Sys.*, 856 S.W.2d 437, 446 (Tex. App. – Houston [1st Dist.] 1993, no writ).

## FSI'S PROPOSED INSTRUCTION NO. 13

### Privileged Communications

A privileged communication is one fairly made by a person in the discharge of some private or public duty, legal or moral, or in the conduct of the person's own affairs, in matters where his or her interest is concerned.[24] No liability attaches to a published defamation if the publication is privileged.[25]

Privileged communications are divided into those that are absolutely privileged and those that are qualifiedly privileged. Where a statement is absolutely privileged, no remedy for defamation exists regardless of the negligence or malice with which the communication was made.[26] In contrast, where a statement is qualifiedly privileged, a remedy for defamation exists only if the plaintiff can prove, by a preponderance of the evidence, that the publication was made with actual malice.[27] Actual malice means that the party making the publication acted with actual knowledge that it was false or with reckless disregard of whether it was false or not."[28] Actual malice embraces a higher standard of culpability than mere ill will or animosity.[29]

In this case, FSI argues that the allegedly defamatory statements are either absolutely privileged or qualifiedly privileged. Specifically, the law recognizes an absolute privilege for

---

[24]   *Gray v. HEB Food Store No. 4*, 941 S.W.2d 327, 330 (Tex. App. – Corpus Christi 1997, writ denied).
[25]   *O'Neil v. Dun & Bradstreet, Inc.*, 448 S.W.2d 153, 154-55 (Tex. Civ. App. – El Paso 1969), *rev'd on other grounds*, 456 SW2d 896 (Tex. 1970).
[26]   *Dolenz v. Texas State Bd. Of Medical Examiners*, 981 S.W.2d 487, 490 (Tex. App. – Austin 1998, no pet.); *Village of Bayou Vista v. Glaskox*, 899 S.W.2d 826, 828-29 (Tex. App. – Houston [14th Dist.] 1995, no pet.).
[27]   *Calhoun v. Chase Manhattan Bank (U.S.A.), N.A.*, 911 S.W.2d 403, 408 (Tex. App. – Houston [1st Dist.] 1995, no pet.); *Free v. American Home Assur. Co.*, 902 S.W.2d 51 (Tex. App. – Houston [1st Dist.] 1995, no pet.).
[28]   *Hagler v. Proctor & Gamble Mfg. Co.*, 884 S.W.2d 771, 771-72 (Tex. 1994); *New York Times Co. v. Sullivan*, 376 US 254, 280 (1964).
[29]   *Shearson v. Lehman Hutton, Inc. v. Jacobs*, 736 S.W.2d 134, 140 (Tex App. – Corpus Christi 1986, writ denied).

statements made during the course of or in connection with an ongoing judicial proceeding.[30]

Thus, if you find that FSI's allegedly defamatory statements were made during the course of or

in connection with an ongoing judicial proceeding, then you are instructed that the statement is

absolutely privileged and your verdict on Defendants' claim for defamation should be in favor of

FSI.

FSI also argues that the allegedly defamatory statements are qualifiedly privileged.  A

qualified privilege extends to communications made in good faith on a subject in which the

author has an interest or a duty to another person having a corresponding interest or duty.[31]

Specifically, the law recognizes the following qualified privileges: (1) communications of an

alleged wrongful act that is made to an official authorized to protect the public from such an act,

such as a police officer, are qualifiedly privileged;[32] (2) information given to persons interested

in the trade or commercial standing of another at the time the information is given are qualifiedly

privileged;[33] and (3) communications relative to family matters, made in good faith to the proper

parties by family members, intimate friends, and third persons under a duty to speak, are

qualifiedly privileged.[34]

If you find that FSI's allegedly defamatory statements were qualifiedly privileged, then in

order for Defendants to succeed on their claim for defamation the Defendants must prove by a

preponderance of the evidence that FSI acted with actual malice in making the statements.  If the

---

[30]     *Laub v. Pesikoff*, 979 S.W.2d 686, 689 (Tex. App. – Houston [1st Dist.] 1998, pet denied); *Attaya v. Shoukfeh*, 962 S.W.2d 237, 239 (Tex App. Amarillo 1998, pet. denied); *Thomas v. Bracey*, 940 S.W.2d 340, 342-43 (Tex. App. – San Antonio 1997, no pet.).
[31]     *Dixon v. Southwestern Bell Tel. Co.*, 607 S.W.2d 240, 242-43 (Tex. 1980); *Martin v. Southwestern Elec. Power Co.*, 860 S.W.2d 197, 199 (Tex App. – Texarkana 1993, writ denied).
[32]     *Thomas v. Bracey*, 940 SW2d 340, 343 (Tex. App. – San Antonio 1997, no pet.).
[33]     *Mitre v. La Plaza Mall*, 857 S.W.2d 752, 754 (Tex. App. – Corpus Christi 1993, writ denied), abrogated on other grounds, 878 S.W.2d 577 (Tex. 1994).
[34]     *Western Union Telegraph Co. v. Buchanan*, 248 S.W. 68, 69-70 (Tex. Civ. App. – San Antonio 1923, no writ).

Defendants prove that FSI acted with actual malice in making the allegedly defamatory statements, then your decision on this claim should be in favor of Defendants.  If the Defendants do not prove that FSI acted with actual malice in making the allegedly defamatory statements, then your decision on this claim should be in favor of FSI.

DALLAS: 74814.00021: 1353229v2

## FSI'S PROPOSED INSTRUCTION NO. 14

### Truth as a defense

Truth is an absolute defense to an action for defamation.[35]  In this case, FSI argues that the allegedly defamatory statements are true, and therefore, cannot form the basis for a claim for defamation.  Where truth is a defense to defamation, the statement need not be literally true on every detail; substantial truth is sufficient to establish the defense.[36]  If FSI establishes by a preponderance of the evidence that its allegedly defamatory statements were substantially true, then your decision on this claim should be in favor of FSI.

---

[35]     TEX. CIV. PRAC. & REM. CODE § 73.005; *Hardwick v. Houston Lighting and Power Co.*, 943 S.W.2d 183, 184 (Tex. App. – Houston [1st Dist.] 1997, no pet.).

[36]     *Granada Biosciences, Inc. v. Barrett*, 958 S.W.2d 215, 223 (Tex. App. – Amarillo 1997, pet. denied).

## FSI'S PROPOSED INSTRUCTION NO. 15

### The Principles of Agency

Defendants' claim of defamation is made against FSI, and not against FSI's directors or employees individually. Although a corporation, such as FSI, can only act through its agents, such as its directors and employees, not all of an agent's acts are deemed to be the acts of the corporation. Rather, a corporation is responsible for an agent's act of defamation only when the employee's statements were made in furtherance of the employer's business, and for the accomplishment of the objective for which the employee was employed.[37]

---

[37] *Miniyard Food Stores, Inc. v. Goodman*, 80 S.W.3d 573, 578 (Tex. 2002); *Seifert v. El Paso Natural Gas Co.*, 567 S.W.2d 77, 78-79 (Tex. Civ. App. – El Paso 1978, no writ).

## FSI'S PROPOSED INSTRUCTION NO. 16

### Preliminary Damages Instruction on Defendants' Defamation Claim

If the Defendants have proven their claim of defamation against FSI by a preponderance of the evidence, you must determine the damages to which the Defendants are entitled.  You should not interpret the fact that I have given instructions about Defendants' damages as an indication in any way that I believe that the Defendants should, or should not, win this case.  It is your task first to decide whether FSI is liable.  I am instructing you on damages only so that you will have guidance in the event you decide that FSI is liable and that the Defendants are entitled to recover money from the defendant.[38]

---

[38]     Fifth Circuit Pattern Jury Instructions, Civil § 15.1 (2004).

## FSI'S PROPOSED INSTRUCTION NO. 17

### Calculation of Defendants' Damages

If you find that FSI is liable to the Defendants, then you must determine an amount that is fair compensation for all of the Defendants' damages. These damages are called compensatory damages. The purpose of compensatory damages is to make the Defendants whole—that is, to compensate the Defendants for the damage that the Defendants has suffered.

You may award compensatory damages only for injuries that the Defendants prove were proximately caused by FSI's allegedly wrongful conduct. The damages that you award must be fair compensation for all of the Defendants' damages, no more and no less. Compensatory damages are not allowed as a punishment and cannot be imposed or increased to penalize FSI. You should not award compensatory damages for speculative injuries, but only for those injuries which the Defendants have actually suffered or that the Defendants are reasonably likely to suffer in the future.

If you decide to award compensatory damages, you should be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. On the other hand, the law does not require that the Defendants prove the amount of their losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.

You must use sound discretion in fixing an award of damages, drawing reasonable inferences where you find them appropriate from the facts and circumstances in evidence.

You should consider the following elements of damage, to the extent you find them proved by a preponderance of the evidence:

A.      Damages Accrued

If you find for the Defendants, they are entitled to recover an amount that will fairly compensate them for any damages they have suffered to date.

B.     Calculation of Future Damages

If you find that the Defendants are reasonably certain to suffer damages in the future from their injuries, then you should award them the amount you believe would fairly compensate them for such future damages.

C.     Reduction of Future Damages to Present Value

An award of future damages necessarily requires that payment be made now for a loss that Defendants will not actually suffer until some future date. If you should find that the Defendants are entitled to future damages, including future earnings, then you must determine the present worth in dollars of such future damages.

If you award damages for loss of future earnings, you must consider two particular factors:

1.     You should reduce any award by the amount of the expenses that the Defendants would have incurred in making those earnings.

2.     If you make an award for future loss of earnings, you must reduce it to present value by considering the interest that the Defendants could earn on the amount of the award if they made a relatively risk-free investment. The reason why you must make this reduction is because an award of an amount representing future loss of earnings is more valuable to the Defendants if they receive it today than if they receive it in the future, when they would otherwise have earned it. It is more valuable because the Defendants can earn interest on it for the period of time between the date of the award and the date they would have earned the money.

Thus you should adjust the amount of any award for future loss of earnings by the amount of interest that the Defendants can earn on that amount in the future.[39]

---

[39]     Fifth Circuit Pattern Jury Instructions, Civil § 15.2 (2004).

**PLAINTIFF'S PROPOSED JURY
INSTRUCTIONS AND VERDICT FORM**                    **30**

## FSI'S PROPOSED INSTRUCTION NO. 18

### Punitive Damages

If you find that FSI is liable for the Defendants' injuries, you must award the plaintiff the compensatory damages that they have proven.  You also may award punitive damages if the Defendants have proven, by clear and convincing evidence, that FSI acted with malice or willfulness or with callous and reckless indifference to the safety or rights of others.  One acts willfully or with reckless indifference to the rights of others when he acts in disregard of a high and excessive degree of danger about which he knows or which would be apparent to a reasonable person in his condition.

If you determine that FSI's conduct was so shocking and offensive as to justify an award of punitive damages, you may exercise your discretion to award those damages.  In making any award of punitive damages, you should consider that the purpose of punitive damages is to punish a person for shocking conduct, and to deter the person and others from engaging in similar conduct in the future.  The law does not require you to award punitive damages, however, if you decide to award punitive damages, you must use sound reason in setting the amount of the damages.  The amount of an award of punitive damages must not reflect bias, prejudice, or sympathy toward any party.  It should be presumed that Defendants have been made whole by compensatory damages, so punitive damages should be awarded only if FSI's misconduct, after having paid compensatory damages, is so reprehensible as to warrant the imposition of further sanctions to achieve punishment or deterrence.  You may consider the financial resources of FSI in fixing the amount of punitive damages and you may impose punitive damages in favor of one

DALLAS: 74814.00021: 1353229v2

or more of the Defendants, and not others, or in favor of more than one of the Defendants in different amounts.[40]

---

[40]     Fifth Circuit Pattern Jury Instructions, Civil § 15.3 (2004).

**PLAINTIFF'S PROPOSED JURY**
**INSTRUCTIONS AND VERDICT FORM**                    **32**

## FSI'S PROPOSED INSTRUCTION NO. 19

### Mitigation of Damages

A person who claims damages resulting from the wrongful act of another has a duty under the law to use reasonable diligence to mitigate—to avoid or minimize those damages.

If you find FSI is liable and the Defendants have suffered damages, the Defendants may not recover for any item of damage which they could have avoided through reasonable effort. If you find by a preponderance of the evidence the Defendants unreasonably failed to take advantage of an opportunity to lessen their damages, you should deny them recovery for those damages which they would have avoided had they taken advantage of the opportunity.

You are the sole judge of whether the Defendants acted reasonably in avoiding or minimizing their damages. An injured party may not sit idly by when presented with an opportunity to reduce their damages. However, they are not required to exercise unreasonable efforts or incur unreasonable expenses in mitigating the damages. FSI has the burden of proving the damages which the Defendants could have mitigated. In deciding whether to reduce the Defendants' damages because of their failure to mitigate, you must weigh all of the evidence in light of the particular circumstances of the case, using sound discretion in deciding whether FSI has satisfied its burden of proving that the Defendants' conduct was not reasonable.[41]

---

[41]    Fifth Circuit Pattern Jury Instructions, Civil § 15.15 (2004).

**PLAINTIFF'S PROPOSED JURY**
**INSTRUCTIONS AND VERDICT FORM**                33

THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| FIBER SYSTEMS INTERNATIONAL, INC., | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 4:04CV355 |
| | § | JUDGE SCHNEIDER |
| DANIEL ROEHRS, MICHAEL FLOWER, THOMAS HAZELTON, RICK HOBBS, KIERAN MCGRATH, APPLIED OPTICAL SYSTEMS, INC., OPTECONN, G.P., INC., and OPTECONN, L.P. D/B/A OPTICAL CABLING SYSTEMS, | § § § § § § § § | |
| Defendants. | § § | |

---

## PLAINTIFF'S PROPOSED VERDICT FORM

---

We, the jury, return the following verdict:

1.    Do you find that Defendant Daniel Roehrs violated one or more provisions of the Computer Fraud and Abuse Act?


_____              _____
YES                   NO

If your answer to Question No. 1 is "Yes," then please proceed to answer Questions No. 2 and 3.  If your answer to Question No. 1 is "No," then do not answer Questions No. 2 and 3 and please proceed to answer Question No. 4.

2.    What amount of loss, if any, should Defendant Daniel Roehrs be made to pay FSI as a result of Defendant Daniel Roehrs' violation of the Computer Fraud and Abuse Act?


$_____

3.　Do you find that Defendant Daniel Roehrs obtained information from FSI's computers as a result of Defendant Daniel Roehrs' violation of the Computer Fraud and Abuse Act?

　　　‾‾‾‾‾‾　　　　　　　　‾‾‾‾‾‾
　　　　YES　　　　　　　　　　NO

4.　Do you find that Defendant Thomas Hazelton violated one or more provisions of the Computer Fraud and Abuse Act?

　　　‾‾‾‾‾‾　　　　　　　　‾‾‾‾‾‾
　　　　YES　　　　　　　　　　NO

If your answer to Question No. 4 is "Yes," then please proceed to answer Questions No. 5 and 6.  If your answer to Question No. 4 is "No," then do not answer Questions No. 5 and 6 and please proceed to answer Question No. 7.

5.　What amount of loss, if any, should Defendant Thomas Hazelton be made to pay FSI as a result of Defendant Thomas Hazelton's violation of the Computer Fraud and Abuse Act?

$\underline{\hspace{4cm}}$

6.　Do you find that Defendant Thomas Hazelton obtained information from FSI's computers as a result of Defendant Thomas Hazelton's violation of the Computer Fraud and Abuse Act?

　　　‾‾‾‾‾‾　　　　　　　　‾‾‾‾‾‾
　　　　YES　　　　　　　　　　NO

7.　Do you find that Defendant Michael Flower violated one or more provisions of the Computer Fraud and Abuse Act?

　　　‾‾‾‾‾‾　　　　　　　　‾‾‾‾‾‾
　　　　YES　　　　　　　　　　NO

If your answer to Question No. 7 is "Yes," then please proceed to answer Questions No. 8 and 9.  If your answer to Question No. 7 is "No," then do not answer Questions No. 8 and 9 and please proceed to answer Question No. 10.

PLAINTIFF'S PROPOSED JURY
INSTRUCTIONS AND VERDICT FORM　　　　35

8.    What amount of loss, if any, should Defendant Michael Flower be made to pay FSI as a result of Defendant Michael Flower's violation of the Computer Fraud and Abuse Act?

$\underline{\hspace{4cm}}$

9.    Do you find that Defendant Michael Flower obtained information from FSI's computers as a result of Defendant Michael Flower's violation of the Computer Fraud and Abuse Act?

| | |
|---|---|
| _____ | _____ |
| YES | NO |

10.   Do you find that Defendant Applied Optical Systems, Inc. violated one or more provisions of the Computer Fraud and Abuse Act?

| | |
|---|---|
| _____ | _____ |
| YES | NO |

If your answer to Question No. 10 is "Yes," then please proceed to answer Questions No. 11 and 12.  If your answer to Question No. 10 is "No," then do not answer Questions No. 11 and 12 and please proceed to answer Question No. 13.

11.   What amount of loss, if any, should Defendant Applied Optical Systems, Inc. be made to pay FSI as a result of Defendant Applied Optical Systems, Inc.'s violation of the Computer Fraud and Abuse Act?

$\underline{\hspace{4cm}}$

12.   Do you find that Defendant Applied Optical Systems, Inc. obtained information from FSI's computers as a result of Defendant Applied Optical Systems, Inc.'s violation of the Computer Fraud and Abuse Act?

| | |
|---|---|
| _____ | _____ |
| YES | NO |

13.    Do you find that Defendant Rick Hobbs violated one or more provisions of the Computer Fraud and Abuse Act?

_____                              _____
YES                                   NO

If your answer to Question No. 13 is "Yes," then please proceed to answer Questions No. 14 and 15. If your answer to Question No. 13 is "No," then do not answer Questions No. 14 and 15 and please proceed to answer Question No. 16.

14.    What amount of loss, if any, should Defendant Rick Hobbs be made to pay FSI as a result of Defendant Rick Hobbs' violation of the Computer Fraud and Abuse Act?

$_____

15.    Do you find that Defendant Rick Hobbs obtained information from FSI's computers as a result of Defendant Rick Hobbs' violation of the Computer Fraud and Abuse Act?

_____                              _____
YES                                   NO

16.    Do you find that Defendant Kieran McGrath violated one or more provisions of the Computer Fraud and Abuse Act?

_____                              _____
YES                                   NO

If your answer to Question No. 16 is "Yes," then please proceed to answer Questions No. 17 and 18. If your answer to Question No. 16 is "No," then do not answer Questions No. 17 and 18 and please proceed to answer Question No. 19.

17.    What amount of loss, if any, should Defendant Kieran McGrath be made to pay FSI as a result of Defendant Kieran McGrath's violation of the Computer Fraud and Abuse Act?

$_____

18.    Do you find that Defendant Kieran McGrath obtained information from FSI's computers as a result of Defendant Kieran McGrath's violation of the Computer Fraud and Abuse Act?


———————                              ———————
YES                                          NO

19.    Do you find that Defendant Opteconn, G.P., Inc. violated one or more provisions of the Computer Fraud and Abuse Act?


———————                              ———————
YES                                          NO

If your answer to Question No. 19 is "Yes," then please proceed to answer Questions No. 20 and 21.  If your answer to Question No. 19 is "No," then do not answer Questions No. 20 and 21 and please proceed to answer Question No. 22.

20.    What amount of loss, if any, should Defendant Opteconn, G.P., Inc. be made to pay FSI as a result of Defendant Opteconn, G.P., Inc.'s violation of the Computer Fraud and Abuse Act?


$_____

21.    Do you find that Defendant Opteconn, G.P., Inc. obtained information from FSI's computers as a result of Defendant Opteconn, G.P., Inc.'s violation of the Computer Fraud and Abuse Act?


———————                              ———————
YES                                          NO

22.    Do you find that Defendant Opteconn, L.P. d/b/a Optical Cabling Systems violated one or more provisions of the Computer Fraud and Abuse Act?


———————                              ———————
YES                                          NO

If your answer to Question No. 22 is "Yes," then please proceed to answer Questions No. 23 and 24.  If your answer to Question No. 22 is "No," then do not answer Questions No. 23 and 24 and please proceed to answer Question No. 25.

23.     What amount of loss, if any, should Defendant Opteconn, L.P. d/b/a Optical Cabling Systems be made to pay FSI as a result of Defendant Opteconn, L.P. d/b/a Optical Cabling Systems' violation of the Computer Fraud and Abuse Act?

$_____

24.     Do you find that Defendant Opteconn, L.P. d/b/a Optical Cabling Systems obtained information from FSI's computers as a result of Defendant Opteconn, L.P. d/b/a Optical Cabling Systems' violation of the Computer Fraud and Abuse Act?

_____                              _____
YES                                      NO

25.     Do you find that FSI defamed Defendant Daniel Roehrs?

_____                              _____
YES                                      NO

If you answered "YES" Question No. 25, then proceed to answer Questions No. 26 and 27. If you answered "NO' to Question No. 25, then do not answer Questions No. 26 and 27 and please proceed to answer Question No. 28 .

26.     What amount of money, if any, should FSI be made to pay Defendant Daniel Roehrs as compensatory damages for defaming Defendant Daniel Roehrs?

$_____

27.     What amount of money, if any, should FSI be made to pay Defendant Daniel Roehrs as punitive damages for defaming Defendant Daniel Roehrs?

$_____

28.     Do you find that FSI defamed Defendant Thomas Hazelton?

_____                              _____
YES                                      NO

If you answered "YES" Question No. 28, then proceed to answer Questions No. 29 and 30.  If you answered "NO' to Question No. 28, then do not answer Questions No. 29 and 30 and please proceed to answer Question No. 31 .

29.     What amount of money, if any, should FSI be made to pay Defendant Thomas Hazelton as compensatory damages for defaming Defendant Thomas Hazelton?

$_____

30.     What amount of money, if any, should FSI be made to pay Defendant Thomas Hazelton as punitive damages for defaming Defendant Thomas Hazelton?

$_____

31.     Do you find that FSI defamed Defendant Michael Flower?

_____                         _____
YES                              NO

If you answered "YES" Question No. 31, then proceed to answer Questions No. 32 and 33.  If you answered "NO' to Question No. 31, then do not answer Questions No. 32 and 33 and please proceed to answer Question No. 34 .

32.     What amount of money, if any, should FSI be made to pay Defendant Michael Flower as compensatory damages for defaming Defendant Michael Flower?

$_____

33.     What amount of money, if any, should FSI be made to pay Defendant Michael Flower as punitive damages for defaming Defendant Michael Flower?

$_____

34.     Do you find that FSI defamed Defendant Applied Optical Systems, Inc.?

_____                         _____
YES                              NO

If you answered "YES" Question No. 34, then proceed to answer Questions No. 35 and 36. If you answered "NO' to Question No. 34, then do not answer Questions No. 35 and 36 and please proceed to answer Question No. 37 .

35.    What amount of money, if any, should FSI be made to pay Defendant Applied Optical Systems, Inc. as compensatory damages for defaming Defendant Applied Optical Systems, Inc.?

$_____

36.    What amount of money, if any, should FSI be made to pay Defendant Applied Optical Systems, Inc. as punitive damages for defaming Defendant Applied Optical Systems, Inc.?

$_____

37.    Do you find that FSI defamed Defendant Rick Hobbs?

_____                    _____
YES                         NO

If you answered "YES" Question No. 37, then proceed to answer Questions No. 38 and 39. If you answered "NO' to Question No. 37, then do not answer Questions No. 38 and 39 and please proceed to answer Question No. 40.

38.    What amount of money, if any, should FSI be made to pay Defendant Rick Hobbs as compensatory damages for defaming Defendant Rick Hobbs?

$_____

39.    What amount of money, if any, should FSI be made to pay Defendant Rick Hobbs as punitive damages for defaming Defendant Rick Hobbs?

$_____

40.    Do you find that FSI defamed Defendant Kieran McGrath?

_____                    _____
YES                         NO

If you answered "YES" Question No. 40, then proceed to answer Questions No. 41 and 42.  If you answered "NO' to Question No. 40, then do not answer Questions No. 41 and 42 please proceed to answer Question No. 43 .

41.    What amount of money, if any, should FSI be made to pay Defendant Kieran McGrath as compensatory damages for defaming Defendant Kieran McGrath?

$_____

42.    What amount of money, if any, should FSI be made to pay Defendant Kieran McGrath as punitive damages for defaming Defendant Kieran McGrath?

$_____

43.    Do you find that FSI defamed Defendant Opteconn, G.P., Inc.?

_____                              _____
YES                                  NO

If you answered "YES" Question No. 43, then proceed to answer Questions No. 44 and 45.  If you answered "NO' to Question No. 43, then do not answer Questions No. 44 and 45 please proceed to answer Question No. 46 .

44.    What amount of money, if any, should FSI be made to pay Defendant Opteconn, G.P., Inc. as compensatory damages for defaming Defendant Opteconn, G.P., Inc.?

$_____

45.    What amount of money, if any, should FSI be made to pay Defendant Opteconn, G.P., Inc. as punitive damages for defaming Defendant Opteconn, G.P., Inc.?

$_____

46.    Do you find that FSI defamed Defendant Opteconn, L.P. d/b/a Optical Cabling Systems?

_____                              _____
YES                                  NO

If you answered "YES" Question No. 46, then proceed to answer Questions No. 47 and 48.  If you answered "NO' to Question No. 46, then do not answer Questions No. 47 and 48 and please date and sign your verdict form.

47.     What amount of money, if any, should FSI be made to pay Defendant Opteconn, L.P. d/b/a Optical Cabling Systems as compensatory damages for defaming Defendant Opteconn, L.P. d/b/a Optical Cabling Systems?

$ _____

48.     What amount of money, if any, should FSI be made to pay Defendant Opteconn, L.P. d/b/a Optical Cabling Systems as punitive damages for defaming Defendant Opteconn, L.P. d/b/a Optical Cabling Systems?

$ _____

Please sign and date verdict form and notify the Courtroom Deputy that you have reached a verdict.

SO SAY WE ALL.

Dated at Tyler, Texas, on this ____ day of _____, 2005.

_____
Foreperson