THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| FIBER SYSTEMS INTERNATIONAL, INC., | § § § | |
| Plaintiff | § § | |
| v. | § § | CIV. ACTION NO. 4:04-CV-355-MHS |
| DANIEL ROEHRS, MICHAEL FLOWER, THOMAS HAZELTON, RICK HOBBS, KIERAN MCGRATH, APPLIED OPTICAL SYSTEMS, INC., OPTECONN, G.P., INC., and OPTECONN, L.P. D/B/A OPTICAL CABLING SYSTEMS, | § § § § § § § § § | |
| Defendants. | § | |

**DEFENDANTS/COUNTER-PLAINTIFFS' REQUESTED JURY QUESTIONS AND INSTRUCTIONS**

Defendants/Counter-Plaintiffs Daniel Roehrs, Michael Flower, Thomas Hazelton, Rick Hobbs, Kieran McGrath, Applied Optical Systems, Inc., Opteconn, G.P., Inc., and Opteconn, L.P. d/b/a Optical Cabling Systems (collectively "Defendants/Counter-Plaintiffs") file the following requested jury questions and instructions.  By submitting these requested questions and instructions, Defendants/Counter-Plaintiffs (1) do not waive their argument that they should prevail on all or some issues as a matter of law; (2) do not admit liability or waive any of their defenses or arguments, and (3) reserve the right to modify these proposed instructions and questions to conform with the law and evidence submitted in the case.  Defendants/Counter-Plaintiffs also reserve the right to object to any of Plaintiff/Counter-Defendant Fiber Systems International, Inc.'s requested jury questions and instructions.

Respectfully submitted,

THOMPSON & KNIGHT L.L.P.

By: _____
Craig A. Haynes
State Bar No. 09284020
William M. Katz, Jr.
State Bar No. 00791003

1700 Pacific Avenue, Suite 3300
Dallas, Texas 75201
(214) 969-1700
Fax: (214) 969-1751

**ATTORNEYS FOR
DEFENDANTS/COUNTER-PLAINTIFFS**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served on Plaintiff/Counter-Defendant, by and through its attorney of record, Brian A. Colao, LOCKE LIDDELL & SAPP, LLP, 2200 Ross Avenue, Suite 2200, Dallas, Texas 75201, by telecopy on this 11th day of January, 2005.

Craig A. Haynes

**Requested Instruction No. 1:**
**(General Instructions for Charge)**

MEMBERS OF THE JURY:

You have heard the evidence in this case. I will now instruct you on the law that you must apply. It is your duty to follow the law as I give it to you. On the other hand, you the jury are the judges of the facts. Do not consider any statement that I have made in the course of trial or make in these instructions as an indication that I have any opinion about the facts of this case.

You have heard the closing arguments of the attorneys. Statements and arguments of the attorneys are not evidence and are not instructions on the law. They are intended only to assist the jury in understanding the evidence and the parties' contentions.

Answer each question from the facts as you find them. Do not decide who you think should win and then answer the questions accordingly. Your answers and your verdict must be unanimous.

You must answer all questions from a preponderance of the evidence. By this is meant the greater weight and degree of credible evidence before you. In other words, a preponderance of the evidence just means the amount of evidence that persuades you that a claim is more likely so than not so. In determining whether any fact has been proved by a preponderance of the evidence in the case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

In determining the weight to give to the testimony of a witness, you should ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact, or whether there was evidence that at some other time the witness said or did

something, or failed to say or do something, that was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people may forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether that misstatement was an intentional falsehood or simply an innocent lapse of memory; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

While you should consider only the evidence in this case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts that have been established by the testimony and evidence in the case.

The testimony of a single witness may be sufficient to prove any fact, even if a greater number of witnesses may have testified to the contrary, if after considering all the other evidence you believe that single witness.

There are two types of evidence that you may consider in properly finding the truth as to the facts in the case. One is direct evidence—such as testimony of an eyewitness. The other is indirect or circumstantial evidence—the proof of a chain of circumstances that indicates the existence or nonexistence of certain other facts. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

When knowledge of technical subject matter may be helpful to the jury, a person who has special training or experience in that technical field—he or she is call an expert witness—is permitted to state his or her opinion on those technical matters. However, you are not required to accept that opinion. As with any other witness, it is up to you to decide whether to rely upon it.

In deciding whether to accept or rely upon the opinion of an expert witness, you may consider any bias of the witness, including any bias you may infer from evidence that the expert witness has been or will be paid for reviewing the case and testifying, or from evidence that he or she testifies regularly as an expert witness and his or her income from such testimony represents a significant portion of his or her income.

Any notes that you have taken during this trial are only aids to memory. If your memory should differ from your notes, then you should rely on your memory and not on the notes. The notes are not evidence. A juror who has not taken notes should rely on his or her independent recollection of the evidence and should not be unduly influenced by the notes or other jurors. Notes are not entitled to any greater weight than the recollection or impression of each juror about the testimony.

When you retire to the jury room to deliberate on your verdict, you may take this charge with you as well as exhibits which the Court has admitted into evidence. Select your Foreperson and conduct your deliberations. If you recess during your deliberations, follow all of the instructions that the Court has given you about/on your conduct during the trial. After you have reached your unanimous verdict, your Foreperson is to fill in on the form your answers to the questions. Do not reveal your answers until such time as you are discharged, unless otherwise directed by me. You must never disclose to anyone, not even to me, your numerical division on any question.

If you want to communicate with me at any time, please give a written message or question to the bailiff, who will bring it to me.  I will then respond as promptly as possible either in writing or by having you brought into the courtroom so that I can address you orally.  I will always first disclose to the attorneys your question and my response before I answer your question.

After you have reached a verdict, you are not required to talk with anyone about the case unless the Court orders otherwise.  You may now retire to the jury room to conduct your deliberations.

---

**Source:**   FIFTH CIRCUIT PATTERN JURY INSTRUCTIONS (Civil) § 3.1, Prepared by the Committee on Pattern Jury Instructions District Judges Association Fifth Circuit (2004).

---

Ruling:

    This requested instruction, being duly and timely requested, was:

    _____     Given
    _____     Given as modified
    _____     Refused before the charge was read to the jury

_____                _____
Date                                  Judge Presiding

**Requested Instruction No. 2**
**(Corporation Acts through its Agents)**

A corporation may act only through natural persons as its agents or employees.  In

general, agents or employees of a corporation may bind the corporation by their acts and

declarations made while acting within the scope of the authority delegated to them by the

corporation, or within the scope of their duties as employees of the corporation.

**Source:**     KEVIN F. O'MALLEY ET AL., FEDERAL JURY PRACTICE AND INSTRUCTIONS §108.01
(5th ed. 2000).

Ruling:

This requested instruction, being duly and timely requested, was:

_____     Given
_____     Given as modified
_____     Refused before the charge was read to the jury

_____
Date

_____
Judge Presiding

**Requested Instruction No. 3**
**(Definition of Defamation Per Se)**

"Defamation per se" means an untrue statement that tends to affect a person injuriously in his business, occupation, or office; or charges the person with illegal or immoral conduct.  In this case, any untrue statement that Defendants have stolen, committed theft or other crimes, support child molestation, or engaged in business misconduct or dishonesty is "defamation per se", unless you find that the statement is privileged.

A statement made in the course of a judicial proceeding is privileged except as otherwise stated in this paragraph.  A statement made in the course of a judicial proceeding is not privileged if it is made (1) for ulterior, malicious motives and (2) to parties who cannot be reasonably believed to have a cognizable interest in the judicial proceeding.  A statement made in the course of a judicial proceeding is also not privileged if it is made to others outside of the judicial proceeding.

A statement reporting alleged crimes to a law enforcement official is privileged unless it is made with malice.  In this context, "malice" means that the statement was made with knowledge that it was false, or that it was made with reckless disregard for whether or not it was false.  If such a statement was made with malice, it is not privileged.

---

**Source:**     Court's Charge Reporter No. 02-1-25.
           *Marathon Oil Co. v. Salazar,* 682 S.W.2d 624, 631 (Tex. App.—Houston [1st Dist] 1984, (writ ref'd n.r.e.).
           *Burzynski v. Aetna Life Ins. Co.,* 967 F.2d 1063, 1068-69 (5th Cir. 1992).
           *Carr v. Brasher,* 776 S.W.2d 567, 571 (Tex. 1988).
           *Pishodi v. Barrash,* 116 S.W.3d 858, 864 (Tex. App.—Corpus Christi 2003, pet. den'd).

---

Ruling:

This requested instruction, being duly and timely requested, was:

_____        Given
_____        Given as modified
_____        Refused before the charge was read to the jury

_____
Date

_____
Judge Presiding

**Requested Question No. 1**
**(Defamation Per Se Liability Question)**

Did employees or agents of Fiber Systems International, Inc. make any statement concerning the parties listed below that were defamatory per se and made in the presence of others or to others in writing?

Answer "Yes" or "No" with regard to each of the following:

a.     Daniel Roehrs _____

b.     Michael Flower _____

c.     Thomas Hazelton _____

d.     Rick Hobbs _____

e.     Kieran McGrath _____

f.     Applied Optical Systems, Inc. _____

g.     Opteconn, G.P., Inc. _____

h.     Opeteconn, L.P. d/b/a Optical Cabling Systems _____

---

**Source:**     Court's Charge Reporter No. 02-1-25.

---

Ruling:

This requested instruction, being duly and timely requested, was:

_____     Given
_____     Given as modified
_____     Refused before the charge was read to the jury


_____
Date

_____
Judge Presiding


**DEFENDANTS/COUNTER-PLAINTIFFS' REQUESTED**
**JURY QUESTIONS AND INSTRUCTIONS**                              **Page -10**

**Requested Question No. 2**
**(General Damages for Defamation Per Se)**

If, in your answer to Question No. 1, you have answered "Yes" in any blank, then answer the following question.  Otherwise, do not answer the following question.

What sum of money, if paid now in cash, would fairly and reasonable compensate the parties listed below for their injuries, if any, proximately caused by the conduct you have found in your answer to Question No. 1?

You are instructed that with respect to each "Yes" answer in Question No. 1, damage to reputation is presumed and no proof of actual damage to reputation is required.  The amount of actual damage is in your discretion.

Consider the elements of damages listed below and none other.  Consider each element separately.  Do not include damages for one element in any other element.  Do not include interest on any amount of damages you find.

"Mental anguish" means more than a mere disappointment, anger, resentment, or embarrassment, although it may include all of these.

Answer in dollars and cents, if any, for each of the following for whom you answered "Yes" in Question No. 1:

    (1).    Loss of reputation in the past.

        a.  Daniel Roehrs $_____

        b.  Michael Flower $_____

        c.  Thomas Hazelton $_____

        d.  Rick Hobbs $_____

        e.  Kieran McGrath $_____

        f.  Applied Optical Systems, Inc. $_____

    g.  Opteconn, G.P., Inc. $_____

    h.  Opeteconn, L.P. d/b/a Optical Cabling Systems $_____

(2).    Loss of reputation that in reasonable probability will be sustained in the future.

    a.  Daniel Roehrs $_____

    b.  Michael Flower $_____

    c.  Thomas Hazelton $_____

    d.  Rick Hobbs $_____

    e.  Kieran McGrath $_____

    f.  Applied Optical Systems, Inc. $_____

    g.  Opteconn, G.P., Inc. $_____

    h.  Opeteconn, L.P. d/b/a Optical Cabling Systems $_____

(3).    Mental anguish in the past.

    a.    Daniel Roehrs $_____

    b.    Michael Flower $_____

    c.    Thomas Hazelton $_____

    d.    Rick Hobbs $_____

    e.    Kieran McGrath $_____

(4).    Mental anguish that in reasonable probability will be sustained in the future.

    a.    Daniel Roehrs $_____

    b.    Michael Flower $_____

    c.    Thomas Hazelton $_____

    d.    Rick Hobbs $_____

    e.    Kieran McGrath $_____

**Source:**     Court's Charge Reporter No. 02-1-25.

Ruling:

This requested instruction, being duly and timely requested, was:

_____     Given
_____     Given as modified
_____     Refused before the charge was read to the jury

_____                                    _____
Date                                                                Judge Presiding

**Requested Question No. 3**
**(Exemplary Damages Predicate Question)**

If you have answered "Yes" in any blank in Question No. 1, then answer the following question. Otherwise, do not answer the following question.

Do you find by clear and convincing evidence that the harm to the parties listed below resulted from malice?

"Clear and convincing evidence" means the measure or degree of proof that produces a firm belief or conviction of the truth of the allegation sought to be established.

"Malice" means:

    a.    a specific intent by the person who made the statement to cause substantial injury; or

    b.    an act or omission by the person who made the statement:

        1.    which when viewed objectively from the standpoint of such individuals at the time of the statement, involved an extreme degree of risk of the potential harm to others; and

        2.    such persons had actual subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others.

Answer "Yes" or "No" for each of the following for whom you answered "Yes" in Question No. 1:

    a.    Daniel Roehrs  _____

    b.    Michael Flower  _____

    c.    Thomas Hazelton  _____

    d.    Rick Hobbs  _____

    e.    Kieran McGrath  _____

    f.    Applied Optical Systems, Inc.  _____

g.    Opteconn, G.P., Inc. _____

h.    Opeteconn, L.P. d/b/a Optical Cabling Systems _____

---

**Source:**    Texas Pattern Jury Charge 110.33 (2002).

---

Ruling:

This requested instruction, being duly and timely requested, was:

_____    Given
_____    Given as modified
_____    Refused before the charge was read to the jury

_____
Date

_____
Judge Presiding

**Requested Question No. 4**
**(Exemplary Damages Question)**

If you have answered "Yes" in any blank in Question No. 3, then answer the following question.  Otherwise, do not answer the following question.

What sum of money, if any, if paid now in cash, should be assessed against Fiber Systems International, Inc. and awarded to the parties listed below as exemplary damages, if any, for the conduct found in response to Question No. 3?

"Exemplary damages" means an amount that you may in your discretion award as a penalty or by way of punishment.

Factors to consider in awarding exemplary damages, if any, are—

     a.    The nature of the wrong.

     b.    The character of the conduct involved.

     c.    The degree of culpability of Fiber Systems International, Inc.

     d.    The situation and sensibilities of the parties concerned.

     e.    The extent to which such conduct offends a public sense of justice and profpriety.

     f.    The net worth of Fiber Systems International, Inc.

Exemplary damages can be assessed against Fiber Systems International, Inc. as a principal because of an act by an agent if, but only if,

     a.    the principal authorized the doing and the manner of the act, or

     b.    the agent was employed in a managerial capacity and was acting in the scope of employment, or

     c.    the employer or a manager of the employer's ratified or approved the act.

Answer in dollars and cents, if any, for each of the following for whom you answered "Yes" in Question No. 3.

a.      Daniel Roehrs $_____

b.      Michael Flower $_____

c.      Thomas Hazelton $_____

d.      Rick Hobbs $_____

e.      Kieran McGrath $_____

f.      Applied Optical Systems, Inc. $_____

g.      Opteconn, G.P., Inc. $_____

h.      Opeteconn, L.P. d/b/a Optical Cabling Systems $_____

---

**Source:**   Texas Pattern Jury Charge 110.34; 110.35 (2002).

---

Ruling:

This requested instruction, being duly and timely requested, was:

_____      Given
_____      Given as modified
_____      Refused before the charge was read to the jury

_____
Date

                                    _____
                                    Judge Presiding

**Requested Question No. 5**
**(Affirmative Defense of Laches)**

If your answer to Question No.   [Plaintiff's liability question]   is "Yes," then answer the

following question.  Otherwise, do not answer the following question.

Did any of the parties listed below make a good faith change of position to their

detriment because of Fiber Systems International, Inc.'s delay, if any, in asserting its rights?

Answer "Yes" or "No" for each of the following:

      a.     Daniel Roehrs _____

      b.     Michael Flower _____

      c.     Thomas Hazelton _____

      d.     Rick Hobbs _____

      e.     Kieran McGrath _____

      f.     Applied Optical Systems, Inc. _____

      g.     Opteconn, G.P., Inc. _____

      h.     Opeteconn, L.P. d/b/a Optical Cabling Systems _____

---

**Source:**  *City of Fort Worth v. Johnson*, 388 S.W.2d 400, 403 (Tex. 1964).

---

Ruling:

This requested instruction, being duly and timely requested, was:

      _____     Given
      _____     Given as modified
      _____     Refused before the charge was read to the jury

_____
Date

                               _____
                                 Judge Presiding

**Requested Question No. 6**
**(Affirmative Defense of Ratification)**

If your answer to Question No.  [Plaintiff's liability question]  is "Yes," then answer the

following question.  Otherwise, do not answer the following question.

Did Fiber Systems International, Inc. approve of the conduct you found in Question No.

[Plaintiff's liability question]  by action, words, or other conduct, with full knowledge of the

prior actions of the parties listed below, and with the intention of giving validity to those actions?

Answer "Yes" or "No."

Answer: _____

---

Source:      *Samms v. Autumn Run Cmty. Improvement Ass'n, Inc.,* 23 S.W.3d 398, 403 (Tex.
             App.—Houston [1st Dist.] 2000, pet. denied).

---

Ruling:

This requested instruction, being duly and timely requested, was:

_____    Given
_____    Given as modified
_____    Refused before the charge was read to the jury

_____                          _____
Date                                     Judge Presiding

**Requested Question No. 7**
**(Affirmative Defense of Waiver)**

If your answer to Question No.  [Plaintiff's liability question]  is "Yes," then answer the

following question.  Otherwise, do not answer the following question.

Did Fiber Systems International, Inc. waive its right to assert the claims?

Waiver is an intentional surrender of a known right or intentional conduct inconsistent

with claiming the right.

Answer "Yes" or "No."

Answer: _____

---

**Source:**      Texas Pattern Jury Charge 101.24 (2002).

---

Ruling:

This requested instruction, being duly and timely requested, was:

| | |
|---|---|
| _____ | Given |
| _____ | Given as modified |
| _____ | Refused before the charge was read to the jury |

_____
Date

_____
Judge Presiding

**Requested Question No. 8**
**(Affirmative Defense of Estoppel)**

If your answer to Question No. __[Plaintiff's liability question]__ is "Yes," then answer the following question.  Otherwise, do not answer the following question.

Is Fiber Systems International, Inc. estopped from asserting the claim you have found in Question No. __[Plaintiff's liability question]__?

Fiber Systems International, Inc. is estopped from making the claim if all of the following circumstances occurred:

(1)     Fiber Systems International, Inc.

      a.     by words or conduct made a false representation or concealed material facts,

      b.     with knowledge of the facts or with knowledge or information that would lead a reasonable person to discover the facts, and

      c.     with the intention that the parties listed below would rely on the false representation or concealment in acting or deciding not to act; and

(2)     The parties listed below

      a.     did not know and had no means of knowing the real facts and

      b.     relied to their detriment on the false representation or concealment of material facts.

Answer "Yes" or "No" for each of the following:

      a.     Daniel Roehrs _____

      b.     Michael Flower _____

      c.     Thomas Hazelton _____

      d.     Rick Hobbs _____

      e.     Kieran McGrath _____

      f.     Applied Optical Systems, Inc. _____

g. Opteconn, G.P., Inc. _____

h. Opeteconn, L.P. d/b/a Optical Cabling Systems _____

---

**Source:** Texas Pattern Jury Charge 101.25 (2002).

---

Ruling:

This requested instruction, being duly and timely requested, was:

_____  Given
_____  Given as modified
_____  Refused before the charge was read to the jury

_____
Date

_____
Judge Presiding

**Requested Question No. 9**
**(Affirmative Defense of Fraud)**

If your answer to Question No. __[Plaintiff's liability question]__  is "Yes," then answer the

following question.  Otherwise, do not answer the following question.

Did Fiber Systems International, Inc. commit fraud against the parties listed below?

Fraud occurs when—

      a.      a party makes a material misrepresentation,

      b.      the misrepresentation is made with knowledge of its falsity or made
            recklessly without any knowledge of the truth and as a positive assertion,

      c.      the misrepresentation is made with the intention that it should be acted on
            by the other party, and

      d.      the other party relies on the misrepresentation and thereby suffers injury.

"Misrepresentation" means:

      a.      a false statement of fact,

      b.      a promise of future performance made with an intent, at the time the
            promise was made, not to perform as promised,

      c.      a statement of opinion based on a false statement of fact,

      d.      a statement of opinion that the maker knows to be false, or

      e.      an expression of opinion that is false, made by one claiming or implying to
            have special knowledge of the subject matter of the opinion.

"Special knowledge" means knowledge or information superior to that possessed by the

other party and to which the other party did not have equal access.

*Or*

Fraud occurs when—

      a.      a party fails to disclose a material fact within the knowledge of that
            party,

b.    the party knows that the other party is ignorant of the fact and does not have an equal opportunity to discover the truth,

c.    the party intends to induce the other party to take some action by failing to disclose the fact, and

d.    the other party suffers injury as a result of acting without knowledge of the undisclosed fact.

Answer "Yes" or "No" for each of the following:

a.    Daniel Roehrs _____

b.    Michael Flower _____

c.    Thomas Hazelton _____

d.    Rick Hobbs _____

e.    Kieran McGrath _____

f.    Applied Optical Systems, Inc. _____

g.    Opteconn, G.P., Inc. _____

h.    Opeteconn, L.P. d/b/a Optical Cabling Systems _____

---

**Source:**    Texas Pattern Jury Charge 105.1; 105.2; 105.3A-E; 105.4 (2002).

---

Ruling:

This requested instruction, being duly and timely requested, was:

_____    Given
_____    Given as modified
_____    Refused before the charge was read to the jury

_____
Date

_____
Judge Presiding

**DEFENDANTS/COUNTER-PLAINTIFFS' REQUESTED
JURY QUESTIONS AND INSTRUCTIONS**                    **Page -24**

**Requested Question No. 10**
**(Affirmative Defense of Unclean Hands)**

If your answer to Question No.  [Plaintiff's liability question]   is "Yes," then answer the

following question.  Otherwise, do not answer the following question.

Has Fiber Systems International, Inc. acted equitably with regard to the persons listed

below?

Answer "Yes" or "No" for each of the following:

     a.     Daniel Roehrs _____

     b.     Michael Flower _____

     c.     Thomas Hazelton _____

     d.     Rick Hobbs _____

     e.     Kieran McGrath _____

     f.     Applied Optical Systems, Inc. _____

     g.     Opteconn, G.P., Inc. _____

     h.     Opeteconn, L.P. d/b/a Optical Cabling Systems _____

---

**Source:**    *Reg'l Props., Inc. v. Fin. & Real Estate Consulting Co.*, 752 F.2d 178, 183 (5th Cir. 1985).

---

Ruling:

This requested instruction, being duly and timely requested, was:

    _____    Given
    _____    Given as modified
    _____    Refused before the charge was read to the jury

_____
Date

                   _____
                   Judge Presiding