

F I L E D
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

MAR 1 1 2005

DAVID J. MALAND, CLERK
BY
DEPUTY_____

THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

FIBER SYSTEMS INTERNATIONAL,
INC.,                                §
                                     §
Plaintiff                            §
                                     §
v.                                   §        4:04-cv-355
                                     §
DANIEL ROEHRS, MICHAEL               §
FLOWER, THOMAS HAZELTON,             §
RICK HOBBS, KIERAN MCGRATH,          §
                                     §
Defendants                           §

# **General Instructions**

MEMBERS OF THE JURY:

You have heard the evidence in this case. I will now instruct you on the law that you must apply. It is your duty to follow the law as I give it to you. On the other hand, you the jury are the judges of the facts. Do not consider any statement that I have made in the course of trial or make in these instructions as an indication that I have any opinion about the facts of this case.

You have heard the closing arguments of the attorneys. Statements and arguments of the attorneys are not evidence and are not instructions on the law. They are intended only to assist the jury in understanding the evidence and the parties' contentions.

Answer each question from the facts as you find them. Do not decide who you think should win and then answer the questions accordingly. Your answers and your verdict must be unanimous.

Unless otherwise instructed, you must answer all questions from a preponderance of the evidence. By this is meant the greater weight and degree of credible evidence before you. In other words, a preponderance of the evidence just means the amount of evidence that persuades you that a claim is more likely so than not so. In determining whether any fact has been proved by a preponderance of the evidence in the case, you may, unless otherwise instructed, consider the

testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

In determining the weight to give to the testimony of a witness, you should ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact, or whether there was evidence that at some other time the witness said or did something, or failed to say or do something, that was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people may forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether that misstatement was an intentional falsehood or simply an innocent lapse of memory; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

While you should consider only the evidence in this case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts that have been established by the testimony and evidence in the case.

The testimony of a single witness may be sufficient to prove any fact, even if a greater number of witnesses may have testified to the contrary, if after considering all the other evidence you believe that single witness.

There are two types of evidence that you may consider in properly finding the truth as to the facts in the case. One is direct evidence—such as testimony of an eyewitness. The other is indirect or circumstantial evidence—the proof of a chain of circumstances that indicates the existence or nonexistence of certain other facts. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all

2

the evidence, both direct and circumstantial.

When knowledge of technical subject matter may be helpful to the jury, a person who has special training or experience in that technical field—he or she is call an expert witness—is permitted to state his or her opinion on those technical matters. However, you are not required to accept that opinion. As with any other witness, it is up to you to decide whether to rely upon it.

In deciding whether to accept or rely upon the opinion of an expert witness, you may consider any bias of the witness, including any bias you may infer from evidence that the expert witness has been or will be paid for reviewing the case and testifying, or from evidence that he or she testifies regularly as an expert witness and his or her income from such testimony represents a significant portion of his or her income.

Any notes that you have taken during this trial are only aids to memory. If your memory should differ from your notes, then you should rely on your memory and not on the notes. The notes are not evidence. A juror who has not taken notes should rely on his or her independent recollection of the evidence and should not be unduly influenced by the notes or other jurors. Notes are not entitled to any greater weight than the recollection or impression of each juror about the testimony.

When you retire to the jury room to deliberate on your verdict, you may take this charge with you as well as exhibits which the Court has admitted into evidence. Select your Foreperson and conduct your deliberations. If you recess during your deliberations, follow all of the instructions that the Court has given you about/on your conduct during the trial. After you have reached your unanimous verdict, your Foreperson is to fill in on the form your answers to the questions. Do not reveal your answers until such time as you are discharged, unless otherwise directed by me. You must never disclose to anyone, not even to me, your numerical division on any question.

If you want to communicate with me at any time, please give a written message or question to the bailiff, who will bring it to me. I will then respond as promptly as possible either in writing or by having you brought into the courtroom so that I can address you orally. I will always first disclose to the attorneys your question and my response before I answer your question.

3

After you have reached a verdict, you are not required to talk with anyone about the case unless the Court orders otherwise.   You may now retire to the jury room to conduct your deliberations.

### Multiple Claims/Multiple Parties

This lawsuit involves several different claims between the parties.  In many respects, this one trial is like several different trials being conducted at the same time.  You will have to reach a decision on each of the claims of each of the parties.  Fiber Systems International, Inc., or FSI, claims that Defendants violated the Computer Fraud and Abuse Act, and Defendants claim that FSI made defamatory statements about each of them.  I have organized the following instructions to make clear that some of the instructions relate only to certain of these separate claims.  It is important that you not mix together any rules of law that apply to different claims.

In addition, it is important to remember that FSI is bringing claims against Daniel Roehrs, Thomas Hazleton, Rick Hobbs, Michael Flower, and Kieran McGrath (herein referred to as Defendants) for violating the Computer Fraud and Abuse Act, and that each one of the Defendants is bringing a defamation claim against FSI.  In applying these instructions, you are required to weigh the evidence for or against each of the Defendants separately.  You may not consider the evidence for or against the Defendants collectively.  In other words, FSI must prove its claims and damages against each of the Defendants individually, and each of the Defendants must prove their claims and damages against FSI.

5

# Specific Instructions
## Part I

### A. FSI's Claims Against Defendants for Violations
### of the Computer Fraud and Abuse Act

FSI claims that Defendants violated two provisions of the Computer Fraud and Abuse Act, Section 1030(a)(4) and Section 1030(a)(5). In connection with these claims, FSI argues that it is entitled to recover a monetary amount from Defendants to reimburse FSI for the loss caused by Defendants' violations of the Computer Fraud and Abuse Act. FSI bears the burden of proof to establish both a violation of the Computer Fraud and Abuse Act and its right to collect damages.

## B. Definitions Regarding FSI's Claims Against Defendants

## for Violations of the Computer Fraud and Abuse Act

In determining whether the Defendants violated either Section 1030(a)(4) or Section 1030(a)(5), you are instructed to apply the following definitions.

"Knowingly" means that the act was done voluntarily and intentionally, and not because of mistake or accident. You may find that a defendant had knowledge of a fact if you find that the defendant deliberately closed his eyes to what would otherwise have been obvious to him. While knowledge on the part of the defendant cannot be established merely by demonstrating that the defendant was negligent, careless, or foolish, knowledge can be inferred if the defendant deliberately blinded himself to the existence of the fact.

"Intentionally" means done with the aim of carrying out the act.

"Computer" means an electronic, magnetic, optical, electrochemical, or other high speed data processing device performing logical, arithmetic, or storage functions, and includes any data storage facility or communications facility directly related to or operating in conjunction with such device, but such term does not include an automated typewriter or typesetter, a portable hand held calculator, or other similar device.

"Exceeds authorized access" means to access a computer with authorization and to use such access to obtain or alter information in the computer that the accesser is not entitled to obtain or alter.

"Intent to defraud" is an intent to deceive or cheat.

"Damage" means any impairment to the integrity or availability of data, a program, a system, or information.

"Loss" means any reasonable cost to any victim, including the cost of responding to an offense, conducting a damage assessment, and restoring the data, program, system, or information to its condition prior to the offense, and any revenue lost, cost incurred, or other consequential damages incurred because of interruption of service.

7

## C. FSI's Claim Against Defendants for Violation of
## Section 1030(a)(5) of the Computer Fraud and Abuse Act

In order for FSI to sustain its burden of proof regarding its claim that Defendants violated Section 1030(a)(5) of the Computer Fraud and Abuse Act, FSI must prove the following elements:

First, the Defendants intentionally accessed without authorization a computer that was used in interstate or foreign commerce or interstate or foreign communication;

Second, the Defendants, by accessing the computer without authorization, caused "damage"; and

Third, the Defendants, by accessing the computer without authorization, caused "loss" to one or more persons during any one-year period aggregating at least $5,000 in value.

## QUESTION NO. 1

### CFAA – Section 1030(a)(5) liability question

Did any of the following Defendants violate Section 1030(a)(5) of the Computer Fraud and Abuse Act ?

Answer "Yes" or "No" with regard to each of the following:

a.    Daniel Roehrs         _____

b.    Michael Flower        _____

c.    Thomas Hazelton       _____

d.    Rick Hobbs            _____

e.    Kieran McGrath        _____

## D. FSI's Claim Against Defendants for Violation of
## Section 1030(a)(4) of the Computer Fraud and Abuse Act

In order for FSI to sustain its burden of proof regarding its claim that Defendants violated Section 1030(a)(4) of the Computer Fraud and Abuse Act, FSI must prove the following elements:

First, the Defendants knowingly accessed without authorization, or exceeded their authorized access of, a computer that was used in interstate or foreign commerce or interstate or foreign communication;

Second, the Defendants did so with the intent to defraud;

Third, by accessing the computer without authorization, or by exceeding their authorized access, Defendants furthered the intended fraud; and

Fourth, by accessing the computer without authorization, or by exceeding their authorized access, the Defendants obtained anything of value, unless the object of the fraud and the thing obtained consists only of the use of the computer and the value of such use is not more than $5,000 in any one year period.

# QUESTION NO. 2

## CFAA – Section 1030(a)(4) liability question

Did any of the following Defendants violate Section 1030(a)(4) of the Computer Fraud and Abuse Act ?

Answer "Yes" or "No" with regard to each of the following:

a.   Daniel Roehrs         _____

b.   Michael Flower        _____

c.   Thomas Hazelton       _____

d.   Rick Hobbs            _____

e.   Kieran McGrath        _____

### E. Preliminary Damages Instruction on FSI's Claims

If your answer to any part of Question No. 1 or 2 was Yes, then you must determine the damages to which FSI is entitled. You should not interpret the fact that I have given instructions about FSI's damages as an indication in any way that I believe that FSI should, or should not, be awarded damages. It is your task first to decide whether the Defendants are liable. I am instructing you on damages only so that you will have guidance in the event you decide that the Defendants are liable and that FSI is entitled to recover money from the Defendant(s).

If you find that the Defendant(s) are liable to FSI, then you must determine an amount that is fair compensation for the elements of damage you are instructed to consider. These damages are called compensatory damages. The purpose of compensatory damages is to make FSI whole—that is, to compensate FSI for the damage that FSI has suffered.

You may award compensatory damages only for injuries that FSI proves were proximately caused by the Defendant(s)' allegedly wrongful conduct. The damages that you award must be fair compensation for the elements of FSI's damages you are instructed to consider, no more and no less. Compensatory damages are not allowed as a punishment and cannot be imposed or increased to penalize the defendant. You should not award compensatory damages for speculative injuries, but only for those injuries which FSI has actually suffered or that FSI is reasonably likely to suffer in the future.

If you decide to award compensatory damages, you should be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. On the other hand, the law does not require that FSI prove the amount of its losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.

You must use sound discretion in fixing an award of damages, drawing reasonable inferences where you find them appropriate from the facts and circumstances in evidence.

As to FSI's claims, you should consider only the following element of damages: the amount

12

of "Loss" caused by Defendant(s)' violation of the Computer Fraud and Abuse Act.  Specifically, the Computer Fraud and Abuse Act permits a party to recover its "Loss" from the party that proximately caused such loss by violating one or more provisions of the Computer Fraud and Abuse Act.  "Loss" means any reasonable cost to any victim, including the cost of responding to an offense, conducting a damage assessment, and restoring the data, program, system, or information to its condition prior to the offense, and any revenue lost, cost incurred, or other consequential damages incurred because of interruption of service.

## QUESTION NO. 3

### CFAA damages question

If your answer to any part of Question No. 1 or 2 was yes, then you should answer question No. 3. For purposes of this question, "loss" means any reasonable cost to any victim, including the cost of responding to an offense, conducting a damage assessment, and restoring the data, program, system, or information to its condition prior to the offense, and any revenue lost, cost incurred, or other consequential damages incurred because of interruption of service.

What sum of money, if paid now in cash, would fairly and reasonably compensate FSI for its "Loss", if any, proximately caused by the conduct you have found in your answer to either Question No. 1 or 2?  Answer in dollars and cents, if any.

| | | |
|---|---|---|
| a. | Daniel Roehrs | $_____ |
| b. | Michael Flower | $_____ |
| c. | Thomas Hazelton | $_____ |
| d. | Rick Hobbs | $_____ |
| e. | Kieran McGrath | $_____ |

14

# Specific Instructions
## Part II

### A. Defendants' Claim for Defamation Per Se

Defendants argue that FSI is liable to each of them for defamation per se. Defamation is the act of injuring a person's reputation by making a false statement. It can either be a false statement published in writing or some other graphic form, or it can be a false statement published orally. "Defamation per se" means an untrue statement that tends to affect a person injuriously in his business, occupation, or office; or charges the person with illegal or immoral conduct. In this case, any untrue statement that Defendants have committed theft or other crimes is "defamation per se," unless you find that the statement is privileged.

A privileged communication is one fairly made by a person in the discharge of some private or public duty, legal or moral, or in the conduct of the person's own affairs, in matters where his or her interest is concerned. Where a statement is qualifiedly privileged, a remedy for defamation exists only if it can be proven that the publication was made with actual malice. Actual malice means that the party making the publication acted with actual knowledge that it was false or with reckless disregard of whether it was false or not.

A qualified privilege extends to communications made in good faith on a subject in which the author has an interest or a duty to another person having a corresponding interest or duty. If such statements are made with actual malice, they are not privileged.

Defendants' claims for defamation per se are against FSI, not against the individual agents or employees of FSI. However, a corporation may act only through natural persons as its agents or employees. In general, agents or employees of a corporation may bind the corporation by their acts and declarations made while acting within the scope of the authority delegated to them by the corporation, or within the scope of their duties as employees of the corporation. Thus, a corporation is responsible for an agent's act of defamation only when the employee's statements were made in

15

furtherance of the employer's business and for the accomplishment of the objective for which the employee was employed.

## QUESTION NO. 4

### Defamation Per Se Liability Questions

For purposes of this question, actual malice means that the party making the publication acted with actual knowledge that it was false or with reckless disregard of whether it was false or not.

i. Did FSI, acting with actual malice, state to Lockheed Martin that defendants are thieves?

Answer "Yes" or "No" with regard to each of the following:

a.    Daniel Roehrs          _____

b.    Michael Flower         _____

c.    Thomas Hazelton        _____

d.    Rick Hobbs             _____

e.    Kieran McGrath         _____

ii. Did FSI, acting with actual malice, state to Neil Wilken at Optical Cabling that defendants are thieves?

Answer "Yes" or "No" with regard to each of the following:

a.    Daniel Roehrs          _____

b.    Michael Flower         _____

c.    Thomas Hazelton        _____

d.    Rick Hobbs             _____

e.    Kieran McGrath         _____

17

# Question No. 5

## Defamation Per Se Liability Question

For purposes of this question, actual malice means that the party making the publication acted with actual knowledge that it was false or with reckless disregard of whether it was false or not.

When FSI filed its October, 2004, report to the Allen Police Department that defendants committed theft, did it do so with actual malice?

Answer "Yes" or "No" with regard to each of the following:

a.    Daniel Roehrs          _____

b.    Thomas Hazelton        _____

c.    Rick Hobbs             _____

d.    Kieran McGrath         _____

### B. Affirmative Defense of Substantial Truth – Instruction

If your answer to any part of Question No. 4 or 5 was yes, then you need to address FSI's defense of substantial truth.  If your answer to any part of Question 4 was yes, answer Question 6. If your answer to any part of Question 5 was yes, answer Question 7.  If your answer to every part of Question No. 4 and 5 was no, then you should proceed to the last page of these instructions.

Truth is an absolute defense to an action for defamation.  In this case, FSI argues that the allegedly defamatory statements are true, and therefore, cannot form the basis for a claim for defamation.  Where truth is a defense to defamation, the statement need not be literally true on every detail; substantial truth is sufficient to establish the defense.  FSI bears the burden of proof on this issue.

## QUESTION NO. 6

### Affirmative Defense of Substantial Truth

i.  If FSI alleged to Lockheed Martin that defendants are thieves, were those allegations substantially true?

Answer "Yes" or "No" with regard to each of the following:

a.      Daniel Roehrs          _____

b.      Michael Flower         _____

c.      Thomas Hazelton        _____

d.      Rick Hobbs             _____

e.      Kieran McGrath         _____

ii.  If FSI alleged to Neil Wilken at Optical Cabling that defendants are thieves, were those

allegations substantially true?

Answer "Yes" or "No" with regard to each of the following:

a.      Daniel Roehrs          _____

b.      Michael Flower         _____

c.      Thomas Hazelton        _____

d.      Rick Hobbs             _____

e.      Kieran McGrath         _____

20

# **Question 7**

## **Affirmative Defense of Substantial Truth**

Were FSI's allegations of theft made to the Allen Police Department substantially true?

Answer "Yes" or "No" with regard to each of the following:

a.     Daniel Roehrs          _____

b.     Thomas Hazelton      _____

c.     Rick Hobbs             _____

d.     Kieran McGrath        _____

## C. Preliminary Damages Instruction on Defendants' Claims

If your answer to any part of Question No. 4 or 5 was Yes, then you must determine the damages to which the Defendant(s) are entitled. You should not interpret the fact that I have given instructions about Defendants' damages as an indication in any way that I believe that Defendants should, or should not, be awarded damages. It is your task first to decide whether FSI is liable. I am instructing you on damages only so that you will have guidance in the event you decide that the FSI is liable and that Defendants are entitled to recover money from FSI.

If you find that the FSI is liable to one or more of the Defendants, then you must determine an amount that is fair compensation for the elements of damage you are instructed to consider. These damages are called compensatory damages. The purpose of compensatory damages is to make Defendant(s) whole—that is, to compensate Defendant(s) for the damage that Defendant(s) have suffered.

In a defamation per se case, the law presumes that a defamatory statement caused injury and no proof of an actual injury is required. Although the law presumes injury, the amount of the damages that a party should be made to pay to compensate for those injuries, if any, is left for your determination. You may award such damages that you believe will be fair compensation for the elements of Defendant(s)' damages you are instructed to consider, no more and no less. Compensatory damages are not allowed as a punishment and cannot be imposed or increased to penalize a party.

If you decide to award compensatory damages, you should be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. On the other hand, Defendant(s) are not required to prove damages with mathematical precision. You must use sound discretion in fixing an award of damages, drawing reasonable inferences where you find them appropriate from the facts and circumstances in evidence.

As to Defendant(s)' claims, you should consider only the following elements of damages: (1) loss of reputation; and (2) mental anguish. You should consider these elements of damages and

none other. Consider each element separately. Do not include damages for one element in any other element. Do not include interest on any amount of damages you find. "Loss of reputation" means the injury to a person's good name and reputation. "Mental anguish" means more than mere disappointment, anger, resentment, or embarrassment, although it may include all of these.

## QUESTION NO. 8

### Defamation Damages Question

If your answer to any part of Question No. 4 or 5 was yes and you did not find that the affirmative defense of substantial truth applied, then you should answer question No. 8.  If your answer to every part of both Question No. 4 and 5 was no, then you are done and should proceed to the last page of these instructions and sign and date the verdict form where indicated.

What sum of money, if any, if paid now in cash, would fairly and reasonably compensate the parties listed below for their injuries.  Answer in dollars and cents, if any:

(1).   Loss of reputation.

     a.   Daniel Roehrs          $_____

     b.   Michael Flower        $_____

     c.   Thomas Hazelton     $_____

     d.   Rick Hobbs             $_____

     e.   Kieran McGrath       $_____

(2).   Mental anguish.

     a.   Daniel Roehrs          $_____

     b.   Michael Flower        $_____

     c.   Thomas Hazelton     $_____

     d.   Rick Hobbs             $_____

     e.   Kieran McGrath       $_____

## D. Malice

If you have answered "Yes" in any blank to Questions 4 and 5 and did not find that the defense of substantial truth applied, then answer Question 9.  Otherwise, do not answer Question 9.

"Clear and convincing evidence" means the measure or degree of proof that produces a firm belief or conviction of the truth of the allegation sought to be established.

For the purposes of this Question, "malice" means:

    a.    a specific intent by the person who made the statement to cause substantial injury; or

    b.    1.  when viewed objectively at the time of the statement from the standpoint of the person who made the statement, the statement involved an extreme degree of risk of the potential harm to others; and

        2.  the person who made the statement had actual subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others.

# Question 9

## Malice

Do you find by clear and convincing evidence that the harm to the Defendants listed below resulted from malice of FSI?

Answer "Yes" or "No" for each of the following for whom you answered "Yes" in Question 4 or Question 5:

a.  Daniel Roehrs          _____

b.  Michael Flower         _____

c.  Thomas Hazelton        _____

d.  Rick Hobbs             _____

e.  Kieran McGrath         _____

### E. Exemplary Damages Instruction

"Exemplary damages" means an amount that you may in your discretion award as a penalty or by way of punishment.  You may award exemplary damages if the Defendant(s) have proven, by clear and convincing evidence, that FSI acted with malice or willfulness or with callous and reckless indifference to the safety or rights of others.   In making any award of punitive damages, you should consider that the purpose of punitive damages is to punish a person for shocking conduct, and to deter the person and others from engaging in similar conduct in the future. The law does not require you to award punitive damages, however, if you decide to award punitive damages, you must use sound reason in setting the amount of the damages.

Factors to consider in awarding exemplary damages, if any, are—

  a.    The nature of the wrong.

  b.    The character of the conduct involved.

  c.    The degree of culpability of Fiber Systems International, Inc.

  d.    The situation and sensibilities of the parties concerned.

  e.    The extent to which such conduct offends a public sense of justice and propriety.

  f.    The net worth of Fiber Systems International, Inc.

Exemplary damages can be assessed against Fiber Systems International, Inc. as a principal because of an act by an agent if, but only if,

  a.    the principal authorized the doing and the manner of the act, or

  b.    the agent was employed in a managerial capacity and was acting in the scope of employment, or

  c.    the employer or a manager of the employer's ratified or approved the act.

27

# **Question 10**

## **Exemplary Damages**

If you have answered "Yes" in any blank in Question No. 9, then answer Question 10. Otherwise, do not answer Question 10.

What sum of money, if any, if paid now in cash, should be assessed against Fiber Systems International, Inc. and awarded to the parties listed below as exemplary damages, if any, for the conduct found in response to Question No. 9?

Answer in dollars and cents, if any, for each of the following for whom you answered "Yes" in Question No. 9.

    a.    Daniel Roehrs $        _____

    b.    Michael Flower $       _____

    c.    Thomas Hazelton $      _____

    d.    Rick Hobbs $           _____

    e.    Kieran McGrath $       _____

SIGNED this /|  day of March, 2005

MICHAEL H. SCHNEIDER
United States District Judge

28

THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| FIBER SYSTEMS INTERNATIONAL, INC., | § § § | |
| Plaintiff | § § § | |
| v. | § § § | CIV. ACTION NO. 4:04-CV-355-MHS |
| DANIEL ROEHRS, MICHAEL FLOWER, THOMAS HAZELTON, RICK HOBBS, KIERAN MCGRATH, | § § § § | |
| Defendants. | § § | |

## VERDICT FORM

We the jury, hereby certify that the answers contained in the foregoing Jury Question and Instructions constitutes our Verdict, that our Verdict is unanimous, and the Verdict was reached by our own free will and not the result of duress or undue influence.

SO SAY WE ALL.

Dated at Tyler, Texas, on this ____ day of _____, 2005.


_____
Foreperson

29